SAMUEL S. HEARD *v.* TAZEWELL W. BAIRD *et al.*

1. EJECTMENT: LEGAL AND EQUITABLE TITLE.—To sustain an action of ejectment, the plaintiff must have the legal title at the time of the commencement of the action; an equitable title is not sufficient.

2. MORTGAGE: DEED OF TRUST: LEGAL TITLE IN MORTGAGEE AND TRUSTEE: EJECTMENT.—A conveyance of lands by deed of trust or mortgage vests the legal title in the trustee and mortgagee: the grantor and mortgagor have only an equity of redemption; and a conveyance by them transfers an equitable estate, which is insufficient to sustain an action of ejectment.

3. EQUITY OF REDEMPTION: SALE OF, UNDER EXECUTION: RIGHTS OF PURCHASER.—An equity of redemption is a mere equitable estate, and, before the adoption of the present code, could not be sold under an execution at law. The purchaser of an equity of redemption can enforce his right only by a proper proceeding in a court of chancery.

4. MORTGAGE AND DEEDS OF TRUST: ENTRY OF SATISFACTION AND PROOF OF PAYMENT OF THE DEBT SECURED.—Where satisfaction has been entered on the margin of the record of a mortgage or deed of trust, in the manner required by the statute, it revests the legal title in the mortgagor or grantor; and by an act of the legislature, approved February 11, 1860, proof of the payment of the debt secured by the mortgage, or deed of trust, has the like effect.

5. EJECTMENT: GRANTOR IN A DEED OF TRUST OR MORTGAGOR CANNOT MAINTAIN, UNTIL ENTRY OF SATISFACTION OR PROOF OF PAYMENT.—The grantor in a deed of trust, or a mortgagor, cannot maintain an action of ejectment, to recover the premises mortgaged or conveyed in trust, until entry of satisfaction made upon the margin of the record in the manner required by the statute, or proof of payment of the debt secured.

6. EJECTMENT: EQUITABLE TITLE, WHEN RECOGNIZED IN A COURT OF LAW.—Where the defendant in ejectment has a title, which would in equity be regarded as superior to the legal title of the plaintiff, the plaintiff shall not be entitled to recover; but may file a bill in chancery, to try the defendant's equitable title. Rev. Code, 388, article 17; *Brown* v. *Weast,* 7 How. 181.

7. EJECTMENT: TRUSTEE AND CESTUI QUE TRUST.—A trustee, holding the naked legal title, the trust being satisfied, cannot assert that title in an action of eject-

ment against the *cestui que trust* (7 How. 181); nor can the *cestui que trust* recover in ejectment against the trustee, holding only the naked legal title.   *Thompson* v. *Wheatley,* 5 S. & M. 499.

8. EJECTMENT : POSSESSION UNDER A CLAIM OF TITLE, EVIDENCE.—Ordinarily, possession, accompanied by a claim of title, is, *primâ facie,* sufficient evidence of a seisin in fee, to put the opposite party upon proof of his right.

9. EJECTMENT: OUTSTANDING TITLE TO BAR PLAINTIFF'S RIGHT MUST BE A SUBSISTING, OPERATIVE TITLE.—An outstanding title, set up by a defendant in ejectment to bar the plaintiff's right of recovery, must be a present, subsisting, operative title, and not one that has, in legal presumption, become extinguished.

ERROR to the Circuit Court of Hinds county.   Hon. John Watts, judge.

The opinion of the court recites the facts of the case.

*D. Shelton,* for plaintiff in error.

*George L. Potter* and *A. L. Dabney,* for defendants in error.

ELLETT, J., delivered the opinion of the court.

The defendants in error brought their action of ejectment in the Circuit Court of Hinds county, against the plaintiff in error, to recover certain lands in said county.   Verdict was found in favor of the plaintiffs, and after a motion for a new trial was overruled, judgment was entered upon the verdict. The defendant below prosecutes this writ of error.

The view we are compelled to take of the case, renders it unnecessary for us to notice many of the interesting questions presented by the record.   The plaintiffs are the heirs-at-law of Felix W. Baird.   Having first shown the seisin of their ancestor, they gave in evidence a deed from said Felix W. Baird to John L. Johnson, dated June 3, 1834, conveying all the land in controversy except those parts of it lying in section sixteen, to said John L. Johnson in fee-simple.   This deed also embraced other lands not now sued for.   They also gave in evidence a deed of the same date, from said Johnson to Angus Morrison, whereby all the lands sold by Baird to Johnson, and also the land in section sixteen, was conveyed to Morrison, in trust to secure the payment of the purchase-money to Baird,

for which four notes were given, falling due January 1, 1835, and March 1, 1836, 1837, and 1838, with a power of sale in default of payment. They then gave in evidence the three last notes, secured by said deed of trust, each being for the sum of $5,916.66, and on each of which there were sundry credits indorsed, signed by S. C. Burton, as executor of F. W. Baird, but leaving balances unpaid. The plaintiffs also gave in evidence a deed for all the land in controversy, from said John L. Johnson to Mark A. Gillespie, dated January 14, 1835, and also a deed for the same land, from said Gillespie to the plaintiffs, dated September 1, 1857. This last deed recites that it was made in obedience to a decree of the Superior Court of Chancery, rendered August 6, 1857, whereby it was decreed that said lands had been purchased by Felix W. Baird, with his own means, and for his own use and benefit, and the legal title made to Gillespie, and that he held the titles as trustee for the grantees, as the heirs-at-law of Baird, and that he should convey the land to them. A copy of the final decree in that case was afterwards given in evidence by the plaintiffs. It is upon the foregoing testimony that the right of the plaintiffs to recover the land in controversy depends.

The defendant proved, by the record, that in 1853, R. J. McGinty and T. W. Baird, administrators of Felix W. Baird, filed a bill in the Chancery Court, against John L. Johnson, Heard, Gillespie, and others, to enforce the deed of trust against the other lands therein mentioned, for the collection of the balance due on the said last three notes of Johnson before mentioned, which bill was pending at the time of the trial of this cause.

In reference to the title thus shown on the part of the plaintiffs, the court, at the request of the defendant, gave the following instructions, to wit:

1. In this case the plaintiffs cannot recover, unless they have shown a legal title in themselves, at the time the action was brought; and—

2. If the jury believe from the evidence that there is still in force a valid deed of trust, made by J. L. Johnson, conveying

the legal title of the land in question to a trustee, and that that deed of trust has never been paid, or otherwise discharged, they cannot find for plaintiffs.

Upon this view of the case, we think it very clear, according to numerous adjudications of this court, that the verdict ought to have been in favor of the defendant. The title shown by the plaintiffs was not a legal title, but, in its most favorable aspect, only an equitable right, which is not sufficient to sustain an action of ejectment. The deed of trust from Johnson to Morrison vested the entire legal title in Morrison, and nothing remained in Johnson but a mere equity of redemption; and when he undertook, subsequently, to convey the same land to Gillespie, he conveyed to him only an equitable and not a legal estate. The quality of the interest conveyed by Gillespie to the plaintiffs, was the same as that acquired by him from Johnson. An equity of redemption cannot be enforced in a court of law, nor was it, before the adoption of the present Code, such an estate as could be sold on execution at law, notwithstanding the statute making estates holden or possessed in trust, liable for the debts or charges of the persons for whose use they are holden. Property conveyed by deed of trust or mortgage, is held in trust, first for the payment of the debt, and then for the benefit of the grantor, who has a contingent interest in the amount that may be left after the debt is satisfied. Where the debt secured by the deed of trust or mortgage is fully paid, so that the entire beneficial interest is in the grantor, and nothing remains in the trustee or mortgagee but the naked legal title, the interest is such an equitable interest as may, under the statute, be subjected at law to the payment of debts; but it does not lose its equitable character by being taken and sold on execution, and the only remedy of the purchaser to recover or enforce his right to it, is by a proper proceeding in a court of chancery. These rules are applied, not only to deeds of trust and mortgages, but to cases where a party has purchased land, and taken a bond for title when the money is paid, the vendor being regarded as in the light of a mortgagee, and the purchaser as a mortgagor. *Thornhill* v. *Gilmer*, 4 S. & M.

153 ; *Thompson* v. *Wheatley*, 5 Id. 499 ; *Goodwin* v. *Anderson*, 5 Id. 730 ; *Moody* v. *Farr*, 6 S. & M. 100 ; *Watson* v. *Dickens*, 12 Id. 608 ; *Dollahite* v. *Orne*, 2 Id. 590.

If the deed had been made by Johnson directly to Baird, instead of to Gillespie, the result would have been the same, and Baird would have acquired only an equitable title to the land, while the legal title would have remained in Morrison. In *Brown* v. *Bartee*, 10 S. & M. 268, Turner executed a deed of trust to Wade as trustee, to secure a debt to Bartee. Afterwards Turner conveyed the same land in fee to Bartee, and it was held that by this latter deed, Bartee only took an equity, and that he could only acquire the legal title by a conveyance from Wade, the trustee, or by the judgment of a competent court. The court says: "The legal title was in Wade, the trustee, and it could not be divested without his concurrence, or the judgment of a competent tribunal. Bartee held the entire equity by the purchase or conveyance (from Turner), and after that, Wade held the legal title as trustee for Bartee alone." " If we could regard the beneficial interest as the legal title, our conclusion might be different."

The application of the same principle to the case of a deed of trust or mortgage, has been frequently made. In *Wolfe* v. *Dowell*, 13 S. & M. 103, it is said by the court, that when satisfaction has been entered on the margin of the record of the mortgage, in the mode required by the statute, the whole legal and equitable title revest in the mortgagor, as if a formal reconveyance had been made. " But, until this is done, or some other mode pursued to vest him with the legal title, the mortgagor, even after payment of the debt, has but an equity. A deed of trust is but a species of mortgage, and is included by the statute." After referring to the cases already cited, in regard to the sale of trust-property under execution, where the vendee holds a bond for title, to be made on payment of the purchase-money, the court goes on to say : " The principle of these cases extends to mortgages, to the sale of an equity of redemption, or to the interest of the grantor in a deed of trust. They are all of kindred character. When the debt is fully

paid, the mortgagee or trustee holds but a naked legal title for the debtor, who has the whole beneficial interest, which is subject to sale. But until full payment, the debtor has no interest which can be sold. If satisfaction has been entered upon the margin of the record of the mortgage, as directed by the statute, the purchaser at execution sale obtains the legal title; if it has not been so entered, and the legal title not otherwise revested in the mortgage debtor, the purchaser gets but an equity, which must be enforced in chancery." And it is further distinctly stated, as in the case of *Brown* v. *Bartee*, that, in such a case, a conveyance by the grantor can pass only his equitable estate, and that the legal title still remains in the trustee; and that, until it is united with the equitable title, an ejectment cannot be sustained.

In the case of *Smith* v. *Otley*, 26 Miss. 291, this doctrine is reaffirmed, and it is said again, that payment of the debt, secured by a deed of trust, without an entry of release or satisfaction of record, or a reconveyance, does not reinvest the grantor with the legal title; and that, in such a case, the purchaser of the interest of the grantor gets but an equity, which must be enforced in chancery, because the title of the trustee, though but a naked legal title, is outstanding.

The mode of entering satisfaction of a mortgage prescribed by the Rev. Code, 308, article 14, is substantially the same as that directed by the act in force prior to its adoption (Hutch. Code, 611, section 33), as interpreted by that court. The present act contains an express declaration, that upon the entry of satisfaction upon the margin of the record, the title shall thereby revest in the grantor, a consequence which had been held to follow without any such express enactment. A subsequent act, approved February 11, 1860, makes further provision for the entry of satisfaction, and concludes by declaring that "In all cases, proof of the payment of the money secured by such mortgage or deed of trust, shall have the like effect," that is, " to release and discharge the mortgage or deed of trust, and to revest the title in the mortgagor or grantor."

In the case under consideration, there was no entry of satis-

faction, and no proof that the money secured had been paid, and, on the contrary, it seems to be admitted that the whole debt has not been actually paid. But even supposing the debt to be fully paid, this action was brought in April, 1859, and this act, giving to proof of payment of the debt the effect of a reconveyance of the property, was not passed until a year afterwards, and could not make such payment operate as proof of a legal title at the time of the commencement of the suit.

The Revised Code (page 308, article 12), enacts that, "Before a sale under a mortgage or deed of trust, the mortgagor or grantor shall be deemed the owner of the legal title of the property conveyed in such mortgage or deed of trust, except as against the mortgagee and his assigns, or the trustee, after breach of the condition of the mortgage or deed of trust." This is a legislative sanction of the doctrines announced by this court, and amounts to an affirmative declaration that, after a breach of the condition, the legal title shall not be deemed to be in the mortgagor or grantor, as against the mortgagee or trustee, but that the latter shall be regarded as the legal owner.

To what extent, then, can this equitable title be made available, either by the plaintiff or the defendant, in an action of ejectment at law? In the case of *Brown* v. *Weast*, 7 Howard, 181, it was ruled by this court that a person holding the naked legal title, the trust being satisfied, could not assert that title in an action of ejectment to recover the land from the *cestui que trust*, having the entire beneficial interest. This principle has since been incorporated into our statute law, in the following terms: "If it shall appear that the defendant has a title which would, in equity, be regarded as superior to the legal title of the plaintiff, the plaintiff shall not be entitled to recover, but he may file a bill in Chancery to try the defendant's equitable title." Rev. Code, 388, article 17. This is the extreme point to which this court has gone, in giving aid to the equitable title in an action at law. In *Thompson* v. *Wheatley* it was settled that a person having the full and complete equitable interest, could not recover in ejectment, even against the trustee holding only the naked legal title. Referring to the case of *Brown* v. *Weast*,

the court say: " We think it of dangerous tendency to give any further latitude or extent to the doctrine.  In ejectment, the legal title alone is regularly put in issue.  According to the facts in this record, the plaintiff has a right to recover in equity under his purchase; yet we cannot, with propriety, confound the distinctions between courts of law and courts of equity." The same view was taken in the subsequent cases of *Wolfe* v. *Dowell*, and *Smith* v. *Otley*, and is too firmly settled to be disturbed.

The counsel for the defendants in error, in answer to this objection, contends that the deed of trust was barred and extinguished before this suit was brought, and relies on the case of *Griffin* v. *Sheffield*, 38 Miss. 359, to show that an outstanding title, set up by a defendant in ejectment, must be a present, subsisting, operative title, not one that has in legal presumption become extinguished.

It is true that a long time has elapsed since the maturity of the last note secured by the deed, but the facts stated in the record will not justify us in holding the deed to be barred or extinguished.  It is conceded that the whole debt has not been actually paid.  There is no evidence that any administration was granted on the estate of Baird prior to the year 1853, at which time a bill in chancery was filed to enforce the deed, and that bill was still pending at the time of the trial.

But if we were enabled to say that all remedy on the deed of trust was barred by lapse of time, the difficulty would still remain, that it has had the effect to vest the legal title of the property in Morrison, and that unless that legal title had become vested in the plaintiffs before the institution of this suit, they cannot recover.  The presumption of the satisfaction of the debt secured by the deed arising from lapse of time, if such presumption could be indulged under the circumstances of this case, could not be more efficacious in favor of the plaintiff, than positive proof of the actual payment of the debt would have been, and we have already shown that, at the time of the commencement of this suit, such proof would not have been sufficient to enable the plaintiff to maintain the action, for such

Heard *v.* Baird et al.

payment would not have divested the legal title of the trustee. It is precisely to a case where the trust has been fully satisfied, and nothing left in the trustee but the naked legal title, that the decisions already quoted apply. The trouble is the absence of the legal title, without which there is no remedy at law, and the objection is not weakened or lessened by having existed a longer or a shorter time.

It is also insisted that this objection of an outstanding title does not apply to certain portions of the land. That may be true, but if any of it is liable to the objection, the verdict must be set aside. The probability is that it is all in the same category. All of which is known to have been in Baird's possession when he made the conveyance to Johnson, although the part lying in the sixteenth section was not embraced in the deed. It was all included in the deed of trust from Johnson to Morrison, and the question will turn upon the sufficiency of the proof of the seisin of Baird and Johnson. Ordinarily, possession accompanied by a claim of title is *primâ facie* sufficient evidence of a seisin in fee, to put the opposite party upon proof of his right. All this can however be fully investigated on another trial, and we will express no opinion upon it, or upon any other of the numerous questions that have been raised and discussed so elaborately in the cause.

For the reasons already given, the judgment will be reversed, the verdict set aside, and the cause remanded for a new trial.