## DAVID STADEKER, Trustee, vs. JONES & STEWART.

1. EVIDENCE: *Competency. Against estate of a deceased person. Case in judgment.*

W. executed a mortgage on his crop to S., for the benefit of M., to secure advances made and to be made. M. died and W. sold 1,200 pounds of his crop of cotton to J. & S. S., the trustee, brought his action of trover against J. & S. to recover the cotton or the value thereof. *Held,* that W., the mortgagor, was a competent witness to prove that the debt secured by the mortgage was paid off and satisfied before he sold the cotton to J. & S.; it was not testifying against the estate of a deceased person, although the *cestui que trust* had died before the commencement of the suit.

2. SAME: SAME: *Satisfaction of trust deed. Personalty. Parol evidence.*

Where a trust deed conveyed personal property, and suit is instituted by the trustee to recover the possession of the property, parol evidence is admissible to prove that the debt secured by the trust deed has been paid off and discharged, although no satisfaction has been entered on the record.

ERROR to the Circuit Court of *Madison* County.

Hon. W. B. CUNNINGHAM, Judge.

A full statement of the case, relating to the points considered by the court, is found in the opinion of the court.

The only assignment of error considered by the court is:

1. "The court erred in not sustaining the objection raised by plaintiff in error to the testimony of Isom Wiggins, the grantor in the deed of trust, as contained in the first two bills of exceptions."

*Franklin Smith*, for plaintiff in error:

The main question is, can the trustee in a deed of trust, duly recorded, having the legal right at the commencement and at the trial of the case, without any entry of satisfaction, be defeated in an action of trover (at law) for tortious seizure and conversion of property deeded, on the ground of outstanding equities between the grantor in the deed of trust and the *cestui que trust.* Dowell *v.* Brown, 13 S. & M., 43–45; Field *v.* Wier, 28 Miss., 56, 57; Eckford *v.* Hogan, 44 ib., 398–403; 48 ib., 232–234; 26 ib., 540; 40 ib., 798; Code, 1857, art. 14, p. 308; Code, 1871, § 2297; 43 Miss., 705, 709, 710;

Registry Acts, Code of 1871, §§ 2302, 2304, 2306 ; 3 Chit. Pl. (7th ed.), 1030, 1031.

[The reporters find no brief on file for defendant in error.]

CHALMERS, J., delivered the opinion of the court.

Isom Wiggins executed to David Stadeker, trustee for Eli McMullen, a trust deed on his crop, to secure advances made, and to be made, by said McMullen to said Isom Wiggins. during the year 1872. 1,200 pounds of the cotton, after it was grown and gathered, were sold by Wiggins to defendants, Jones & Stewart, and thereupon Stadeker, trustee,. brought this action of trover to recover the same, or the value thereof, from defendants. On the trial, defendant, Isom Wig-gins, was a witness to prove that at and before the sale of the cotton he. had fully paid off and discharged the indebtedness to McMullen, to secure which the trust deed had been exe-cuted. McMullen being dead, objection was made to the competency of the witness, on the ground that the effect of his testimony was to prove payment of a debt due by himself to the estate of a decedent. The objection was properly over-ruled. Neither the legal representatives of McMullen nor the witness were parties to the suit. The action was by the trustee against the purchasers from the witness. The fact that the trustee was accountable to McMullen's estate for the fruits of the litigation, if any, and that the witness might be under a contingent.liability to his vendees, did not render him incompetent in this suit, nor would the result of this suit affect, one that might thereafter be brought against the witness. by McMullen's administrator. But it is said that, there having been no formal entry of satisfaction of the trust deed upon. the records of the county, in accordance with § 2297 of the Code, the legal title of the trustee, and his right to recover thereunder, could not be defeated by proof *aliunde* of the pay-ment of the debt, and in support of this position the cases of Heard *v.* Brown, 40 Miss., 793, and Wolfe *v.* Doe, 13 S. &

M., 103, and various other cases to the same effect, were cited and relied upon.

All of these were actions of ejectment, in which it was held that the vendee of a mortgagor of real estate could not maintain ejectment, even though at the date of the conveyance to himself the debt secured by the mortgage or deed of trust had been paid off, unless acknowledgment of satisfaction had been entered upon the record, or there had been a formal reconveyance by the mortgagee or trustee. This, of course, proceeds upon the principle that no recovery can be had in ejectment unless the plaintiff shows legal title in himself, and he must consequently fail where that title is legally outstanding in another, even though equitably it has been extinguished.

There is an obvious distinction between these cases and the one at bar. In them the question was whether the holder of an equitable title could recover in a strictly legal proceeding. Here the question is whether a naked legal title, if indeed there be one, shall prevail over a title acquired by third persons after an equitable extinguishment of such legal title.

There exists, also, the important difference between the title to realty and chattels. As to the former, there can generally be neither divestiture nor investiture of title except by writing, under seal, and it is only by virtue of the statute that the entry of satisfaction on the record supersedes the necessity of a reconveyance. As to chattels, on the other hand, a perfect title passes ordinarily by delivery, and if at the time of such delivery an apparently outstanding incumbrance has really been extinguished, there seems no good reason why the fact should not be shown as well at law as in equity. The principle that a mortgage is only a security for a debt is recognized now both in courts of law and chancery, and we see no reason why, in cases involving personal property only, the other principle—which follows as a corollary—that a payment of the debt extinguishes the mortgage—should not also be recognized. In the trust deed under consideration the trustee was only authorized to take possession of the property upon default

made in the payment, and if in fact no default was made, or if the debt was paid after maturity but before the institution ·of the suit, we think that the trustee could not maintain his .action. Whatever may be our own impressions as to the proof of payment, there was no testimony offered to rebut it, and it was deemed credible by the jury. We cannot say that .the verdict was wrong.

Judgment affirmed.