John D. Freeman et al *v.* R. E. Cunningham.

1. **Ejectment.** *Outstanding title. Deed of trust. Statute of Limitations.*
   Recovery by the plaintiff in ejectment cannot be defeated by producing an outstanding deed of trust executed so long ago that the debt secured thereby is barred, and the security inoperative for want of remedy thereon. Code 1871, § 2150 ; *Griffin* v. *Sheffield*, 38 Miss. 359, affirmed; *Heard* v. *Baird*, 40 Miss. 793, overruled; and *Stadeker* v. *Jones*, 52 Miss. 729, explained.

2. **Same.** *Deed of trust. Grantor's and trustee's titles. Privity.*
   None but the trustee in a deed of trust, or those claiming under him, can prevent a recovery on the grantor's title. Code 1871, § 2295. And a purchaser at a bankruptcy sale of the husband's title cannot set up a trust-deed, executed by husband and wife on the latter's land, for the purpose of defeating the title of the wife's vendee.

3. **Same.** *Estoppel. Sale of land. Married woman.*
   The wife, in such case, is not estopped to assert her title by failing to object to the bankruptcy sale. *Sulphine* v. *Dunbar*, 55 Miss. 255; *Staton* v. *Bryant*, 55 Miss. 261, cited.

Error to the Circuit Court of Rankin County.

Hon. A. G. Mayers, Judge, did not preside in this case ; but S. H. Terral acted as judge *pro hac vice.*

John D. Freeman and Harvey Ware, the plaintiffs in error, brought ejectment June 11, 1875, claiming by a deed executed after her husband's death, by Mrs. Caroline Meadows, the original owner of the land. R. E. Cunningham, the defendant, introduced two deeds of trust executed by Mrs. Meadows and C. H. Meadows, her husband, to secure two notes, due Oct. 15, 1866, and Jan. 1, 1869, and proved that the land was included in the bankruptcy schedules of C. H. Meadows, and that by order of the Bankruptcy Court, made July 7, 1869, J. L. McCaskill, the assignee, sold it, as C. H. Meadows's property, to J. H. Butler, from whom Cunningham derives title, and applied the money to pay the secured notes. The court refused to instruct the jury, for the plaintiffs, that Caroline Meadows held the legal title notwithstanding the deeds of trust; that her deed to the plaintiffs conveyed to them the title against all persons except the trustees after condition

broken; that if no sale had taken place, and the notes were barred by the Statute of Limitations, no sale could take place under the deeds, but they were barred also; and that, if the defendant had shown no privity between himself and the trustees, he could not hold the land against the plaintiffs' title. The court charged the jury, for the defendant, that, unless the deeds of trust had been satisfied by entry of record, or payment, the title was in the trustees, and the plaintiffs could not recover; and that if Mr. and Mrs. Meadows executed the deeds to secure the notes, and subsequently he having been adjudicated a bankrupt returned the land as his assets, and it was sold by the assignee, and the proceeds applied to the satisfaction of the deeds of trust, with the full knowledge of Mrs. Meadows, who made no objection thereto, she and her vendees were estopped to assert her title.

*Jenkins & Little*, for the plaintiffs in error.

1. When the debts which the deeds of trust were given to secure were barred, the deeds were barred also. Code 1871, § 2150. Mrs. Meadows's deed conveyed to the plaintiffs a title good against all persons except the trustees after condition broken and sale. If the defendant showed no privity between himself and the trustees, he, of course, must yield to the plaintiffs' title. *Morgan* v. *Hazlehurst Lodge*, 53 Miss. 665.

2. Mrs. Meadows, who was no party to the bankruptcy proceedings, was not estopped by her silence at McCaskill's sale, which conveyed no greater estate than the bankrupt had. *Lipscomb* v. *Postell*, 38 Miss. 476; *Englehard* v. *Sutton*, 7 How. 99; *Clement* v. *Hawkins*, 8 S. & M. 339. The trust-deeds bound only the income. Code 1871, § 1778; *Klein* v. *McNamara*, 54 Miss. 90; *Hand* v. *Winn*, 52 Miss. 784; *Dibrell* v. *Carlisle*, 48 Miss. 691; *Viser* v. *Scruggs*, 49 Miss. 705. Her silence, to estop her, must have been fraudulent, Bigelow on Estoppel, 486, 488; and she was not estopped by the sale of her property as that of her husband. *Palmer* v. *Cross*, 1 S. & M. 48. Her title was indisputable; the world had notice of it, and she did nothing to induce the purchaser to buy. *Sulphine* v. *Dunbar*, 55 Miss. 255; *Staton* v. *Bryant*, 55 Miss. 261.

3. It was not necessary that the deeds of trust should be

marked satisfied on the record to enable the owner to recover possession. *Griffin* v. *Lovell*, 42 Miss. 402; Code 1871, § 2297 ; Acts 1876, p. 262. The plaintiffs' title could only be defeated by the defendant showing a title in himself, or other parties with whom he had connection. *Griffin* v. *Sheffield*, 38 Miss. 359. So far as the testimony showed, the defendant was a mere intruder. *Lum* v. *Reed*, 53 Miss. 73 ; *Kerr* v. *Farish*, 52 Miss. 101 ; *Hicks* v. *Steigleman*, 49 Miss. 377. The sale was a nullity, and conveyed no title ; and the notes and trust-deeds were barred by the Statute of Limitations before the commencement of this suit.

*John D. Freeman*, on the same side.

1. A deed of trust is only a lien on the land, and does not convey the fee. The notes are barred ; and there has been no sale under either trust-deed. The plaintiffs were therefore entitled to recover. The defendant failed to prove the deed conveying the land to him, and to show any connection between himself and the trustees. The bankruptcy sale was void so far as the trustees and Mrs. Meadows were concerned, they not being parties to that proceeding.

No counsel for the defendant in error.

CAMPBELL, J., delivered the opinion of the court.

In *Griffin* v. *Sheffield*, 38 Miss. 359, it was held that a recovery by the plaintiff in ejectment could not be defeated by showing that the defendant had acquired an outstanding title, which was barred by the Statute of Limitations, at the time of such acquisition. In *Heard* v. *Baird*, 40 Miss. 793, it was decided that the estate of the mortgagor or the grantor in a deed of trust which was extinct by lapse of time, was not such a legal estate as would support an action of ejectment, because a legal title is necessary to maintain ejectment; and it was said that the deed of trust had the effect to divest the grantor of his legal title, and if it had not been vested in him before the institution of the suit, no matter how long a period had elapsed, he could not maintain ejectment. We cannot sanction this view.

It is undeniable that the plaintiff must have the legal, as contradistinguished from an equitable title, in order to main-

tain ejectment ; but, by the statute, Code 1871, § 2295, copied from the Code of 1857, p. 308, art. 12 : "Before a sale under a mortgage, or deed of trust, the mortgagor or grantor shall be deemed the owner of the legal title, . . . except as against the mortgagee and his assigns, or the trustee, after breach of the condition of such mortgage or deed of trust." The plain meaning of which is, that, until foreclosure of the mortgage or deed of trust, the mortgagor or grantor shall be considered the owner of the legal title, unaffected by the mortgage or deed of trust as against all the world, except that, after breach of the condition, the mortgagee or trustee shall have the legal title for the purposes of the trust. This statute adopted the doctrine of courts of chancery, that a mortgage or deed of trust, though in form a conveyance of the legal title, is but an incumbrance, — a mere security for a debt, — and that the mortgagor or grantor remains the real owner ; but that the mortgagee or trustee, after condition broken, is so far the owner as to be entitled to make the security available, according to its tenor. *Carpenter* v. *Bowen*, 42 Miss. 28 ; *Buckley* v. *Daley*, 45 Miss. 338. It is not the effect of the statute cited to make the mortgagee or grantee the legal owner, after breach of the condition, except so far as is necessary to make the security available. He may assert title for that purpose ; but he has no beneficial ownership. He may maintain ejectment, but only as a means to the end of enforcing the security. He may sell, in pursuance of a power in the instrument, but he has no title which is vendible under execution against him. *Buckley* v. *Daley*, *ubi supra*.

The cases cited in the opinion in *Heard* v. *Baird* were decided before the Code of 1857, under the operation of the then prevalent doctrine in some courts of law, that a mortgage or deed of trust divested the legal title of the mortgagor or grantor, according to the form of the instrument. The court, in the case cited, did not correctly apprehend and state the effect of the statute quoted. Under it the mortgagor, or grantor in a deed of trust, is to be considered the owner of the legal title, until a sale under the instrument, as if he had not executed it, subject only to the right of the mortgagee or his assigns, or the trustee, after breach of

the condition ; but even after condition broken, until a sale by virtue of the instrument, as to all others, except the mortgagee or his assigns, or the trustee, the mortgagor or grantor is to be considered the owner of the legal title, unaffected by the incumbrance.   If the condition is never broken, the mortgagor or grantor remains the legal owner against all persons. If, after condition broken, payment shall be made of the debt secured, the incumbrance is thereby extinguished, and the right of the mortgagee or trustee to enforce the security is gone.   If the debt is barred by the Statute of Limitations, all remedy, at law or in equity, on the mortgage or deed of trust is gone.   Code 1871, § 2150.   And it seems absurd to say that a plaintiff shall be hindered from recovering in ejectment because of an incumbrance executed by him which, from any cause, has become inoperative for want of any remedy upon it.   If a man divests himself of his legal title, no matter how long a time elapses afterwards, he cannot recover in ejectment.   In such case time is not important.   Fifty years will be no more effective to invest him with title than will one year.   But the vice of the argument in *Heard* v. *Baird* is in assuming that the mortgagor or grantor in a deed of trust parts with the legal title.   By the form of the deed he does ; but the statute declares that he shall still be deemed the owner of the legal title until, etc., and except, etc.   Having merely incumbered his legal title, when the incumbrance is removed, his legal title is as if the incumbrance had never existed.   We regard the doctrine announced in *Griffin* v. *Sheffield*, as stated above, as correct, and hold that an outstanding title, to defeat the plaintiffs' recovery in ejectment, must be one capable of enforcement.

In *Stadeker* v. *Jones*, 52 Miss. 729, we held that payment of the debt secured by a deed of trust on personal property had the effect to extinguish the security, and to revest the title in the grantor as if the deed had not existed.   We did not discuss the question as applicable to real estate, but recognizing the existence of *Heard* v. *Baird*, and other cases, distinguished from them the case before us.   The investigation of the question in the case now under consideration has brought us to the conclusion above announced.

But aside from the fact that the Statute of Limitations has extinguished the deeds of trust, it results, from the foregoing view of a deed of trust, that the title remained in the grantor, as against all persons, except the trustee, after condition broken; and no one but the trustee, or those claiming title under him, could set that title up to defeat a recovery on the title of the grantor, who is to be deemed the owner of the legal title, except as against the trustee.

It follows, from these views, that the action of the court below, upon the instructions, was erroneous. The title was in Mrs. Meadows, under whom the plaintiffs claim. The defendant claims derivatively under Mr. Meadows. He has never acquired the title of Mrs. Meadows. He cannot defeat the plaintiffs, who have acquired the title of Mrs. Meadows, by producing deeds of trusts executed by her so long ago that the debts secured and all remedy on the deeds of trust are barred by the Statute of Limitations. There has not been a sale of the title of Mrs. Meadows under the deed of trust. The statute made her the owner of the legal title, notwithstanding the deed of trust, except as against the trustee, after condition broken; and now, even his title is extinct by lapse of time, and it cannot avail against the plaintiffs, because it is not a valid, subsisting, and operative title, and because the defendant has not the title of the trustee, if it was operative. There was no estoppel against Mrs. Meadows. *Sulphine* v. *Dunbar*, 55 Miss. 255; *Staton* v. *Bryant*, 55 Miss. 261.

*Judgment reversed, and new trial granted.*