## MARGARET A. BUCKLEY et al. v. JOHN DALEY et al.

1. MORTGAGES— INTEREST OF MORTGAGEE NOT SUBJECT TO EXECUTION.— The interest of a mortgagee in the mortgaged premises, after breach of the condition, is not subject to levy and sale under an attachment; and the purchaser of such an interest at an execution sale acquires no title to, or interest in, the mortgaged property.

2. SAME — RIGHTS OF THE MORTGAGEE. — Although the mortgagee has a chattel interest only, yet, in order to render his pledge available, and give him the intended benefit of his security, it is considered as real property to enable him to maintain ejectment for the recovery of the land mortgaged. When contemplated in every other point of view, it is personal property. ·

ERROR to the chancery court of Lawrence county. MILLSAPS, J.

The facts appear in the opinion of the court.

*H. Cassedy, Jr.*, for plaintiffs in error.

The Revised Code of 1857, p. 308, art. 12, provides that "estates of any kind, etc., may be sold under execution at law, so as pass whatever interest the *cestui que trust* may have." "An estate in lands, tenements and hereditaments signifies such interest as the tenant has therein." 2 Black. 104. So, when the statute speaks of "estates of any kind," it "signifies such interest" as the debtor may have therein. To hold that this statute does not render the interest of the mortgagee liable to seizure and sale, under execution at law, is equivalent to declaring that he does not hold or pos-

sess an "estate of any kind" in the mortgaged premises; for, if it be an "estate of any kind," either legal or equitable, then it may be sold so as to pass whatever interest the holder may have.

The Revised Code of 1857 (p. 308, art. 12), defines who is the legal holder of the mortgaged estate after breach of condition, where it is said that the mortgagor or grantor shall be deemed the owner of the legal title of the property conveyed, "except as against the mortgagee and his assigns, after breach of the conditions of the mortgage or deed of trust."

This enactment "amounts to an affirmative declaration that, after a breach of the condition, the legal title shall not be deemed to be in the mortgagor or grantor as against the mortgagee or trustee, but that the latter shall be regarded as the legal owner." Heard v. Baird et al., 40 Miss. 799. If he is to be regarded as the "legal owner," as against the mortgagor, he must be so regarded as to the world.

It is settled in this state that a mere equity of redemption may be sold under an execution at law, why then cannot the interest of a mortgagee be sold who holds a legal estate? Suppose the mortgagor conveyed only an equity of redemption, having conveyed the legal estate previously by mortgage, could this be sold in a proceeding against the mortgagee? I am at a loss to discover any reason why it could not. The statute in this particular is certainly no "respecter of persons," it acts upon the estate or interest, regardless of the persons in whose hands it is found, so it be the person against whom the process is directed. It was evidently the intention of the codifiers in preparing, and the legislature in adopting, the feature of the Code referred to, to make any interest in property of whatever kind or character liable to be seized and sold in payment of debts. By construing this plain provision of the statute (which it would seem, from the language employed, needs no construction) to render the interest of a mortgagee liable to seizure and sale under execution, will work no prejudice to the interest of

the mortgagor, he is duly notified of the transfer by the seizure, and has the same rights as against the purchaser as against the mortgagee, and may redeem as well after as before the purchase. Such a construction of the statute will advance the ends of justice without working injury or wrong to any one.

A mortgagee may assign the mortgage and with it passes whatever interest it evidences in the property mortgaged, and if Buckley was an assignee of Woodman, by act of the latter, there could be no question of his rights in the mortgaged premises.

But our supreme court has said that "an attachment operates by a levy as an assignment in law of choses in action and a transfer of chattels and lands to the creditor, and a sale of property attached, is not made for the purpose of changing ownership but for the purpose of ascertaining the value." Oldham v. Ledbetter, 1 How. 48; Redus v. Wofford, 4 Smedes & Marsh. 592. "So the attaching creditor in this instance stands in the same attitude as an assignee of the mortgagee," and an assignee, after breach of condition, is "regarded as the legal holder, and a litigant disclosing to the court such an interest in the subject-matter certainly is entitled to its aid and protection."

*J. A. Brown*, on the same side,

Argued the point made in the foregoing brief, and also insisted on the following: From the tenth to the twenty-first page of the record nearly all the stating part of the bill is a continuous charge against Daley and the other defendants of a fraudulent combination. Whatever defense may be adopted as to the other parts of the bill, this part must be denied by answer. It is not fatal to the Buckleys that they have a weak title, or only a color of title, because fraud gives jurisdiction to the court, and lays a foundation for relief. A general demurrer to a bill containing such an allegation cannot be allowed. 5 How. (Miss.) 365; 5 Smedes

& Marsh. 17; 1 Freeman's Ch. 203–206; 4 Desau. 251; 4 Ham. 384; 17 Ga. 92.

*G. F. F. Thompson,* on the same side.

*W. P. Harris,* for defendant in error.

The bill in this case exhibits a vast superstructure painfully and laboriously built, upon a worthless foundation. The charges of fraud against Daley are numerous and strong but are vain and inefficacious, because set forth by a party who has no interest to be affected by the fraud. The want of any estate or interest desired, as the bill asserts that the pretense of claim was denied, and the impossibility of getting any relief on the basis of the bill are so clear that it was not necessary to support the demurrer by an answer denying the fraud.

Woodman was a mortgagee of an equity of redemption in lot 5, and of the legal title in lot 6. The title or estate he held in each was that of a mortgagee with power of sale on default of payment. Such an estate or interest is not the subject of sale under execution and cannot be attached for the debt of the mortgagee. 42 Me. 282; and see the general proposition supported in the text of 1 Hilliard on Mort. 278, 281.

The tests applied to it show that the mortgagee is but a secured creditor. It does not go to the heir, and on a suit on the bond of the ancestor it does not constitute an estate descended on the plea of *"riens per descent."*

The only means by which a creditor of the mortgagee could by attachment put himself in the shoes of the mortgagor, would be the service of garnishee or trustee process on the mortgagor as a debtor. The debt being by this means secured to the attaching creditor, should the mortgagor be insolvent, he might in equity reach the mortgaged property by a bill to enforce the mortgage as an incident of the debt, but not certainly by a mere levy on the mortgaged property.

The authorities which were supposed by the complainants' solicitors to support the view that the mortgagee had an estate after forfeiture, which might be reached by attachment or execution, will not bear him out as the question stands in this country, and especially in this state under the Code of 1857.

The authorities relied on are to the effect, that where the mortgagee enters after forfeiture or after foreclosure he has the estate, must be confined to cases where the entry is made by reason of the loss of the right to redeem, for so long as the right to redeem remains, the character, the interest of the mortgagee is that of a creditor with a lien. It applies to the case of strict foreclosure almost unknown in the jurisprudence of this state or to cases where the equity of redemption has been lost by lapse of time. This mortgage is like a deed of trust, for the mortgagees are made trustees with power of sale to satisfy the debt. It is needless to contend that the interest of a trustee in a deed of trust is subject to sale or to attachment.

The statute of this state has fixed the relations of the mortgagor and mortgagee, and the estate or title which resides in them. The mortgagee has no title as to third parties at all. He has as to them a lien only. As between mortgagor and mortgagee there is legal title in the mortgagee after forfeiture as against the mortgagor, which will enable the mortgagee to obtain possession.

Under a similar statute in South Carolina, in the case of Still *v.* Lorall, 4 McCord, 336, the supreme court of that state held that the fee remained in the mortgagor, even after forfeiture, and that the equity of redemption was a legal estate. These propositions were and are substantially settled by the general laws of this country. Indeed, it may be said that the condition from one of defeasance or condition subsequent has come to be treated as a condition precedent, to wit: that the mortgagee has an estate, upon the condition that he shall foreclose the equity of redemption. 1 Hilliard on Mort. 153, 156, 157.

There is no statement in the bill that there was entry or foreclosure by Woodman, so as to bring the case within the rule relied on by the complainant's solicitors, even if that rule were applicable here.

The claim to the right to redeem the mortgage on lot 5 is unfounded. A creditor asking to redeem must at least show a judgment binding some interest in the property or establishing a debt. The judgment here, if valid, which is not the case, was not a personal judgment, but was a judgment *in rem*, or purports so to be, and it binds nothing, because there was no estate subject to be attached, and is nothing as evidence of debt against any party. The judgment confers no title to the land, and is not a judgment *in personam*, and the result is that the complainant has no such interest as entitles her to redeem. A creditor of Woodmans', even by personal judgment, would have no such right. It would not create any interest in the debt to which the mortgage is but an incident. There is therefore no title to any relief prayed for. The sale under the attachment is a nullity, and created no title to the land nor interest therein. It is therefore idle to examine the title of the defendants, or to look into the attachment proceedings, for it matters not whether others have title or not, or whether the attachment proceedings were regular or not; the complainants have no estate, right or title on which to invoke the aid of the court of equity.

*Chrisman & Thompson*, on the same side,

Cited 4 Kent. 160; 11 Johns. 354; 1 Smith's Lead. Cas. (Hare and Wall. notes) 570; 5 Halst. 156; 10 Ohio, 433; 4 Johns. 41; 7 Mass. 138; 4 How. 48; 4 Smedes & Marsh. 592; 5 Johns. Ch. 40.

PEYTON, C. J.:

On the 7th day of October, 1869, Margaret A. Buckley and Nannie M. Buckley, a minor under the age of twenty-one years, by her next friend, Margaret A. Buckley, filed

their bill of complaint in the chancery court of Lawrence county, against John Daley, John M. Back and Adnon H. Bement, alleging that B. C. Buckley departed this life on the 22d day of November, 1868, leaving a will whereby he devised and bequeathed to the complainant, Margaret A. Buckley, and her daughter, the said Nannie M. Buckley, all his estate, both real and personal, to be equally divided between them during their lives, and the survivor to have the whole upon the death of either of them. The said complainant, Margaret A. Buckley, who was the widow of the testator, was appointed by said will the executrix thereof, who undertook to execute the trust.

That Henry Lekirmondie and William M. Leach, partners in business in the town of Brookhaven, in the said county of Lawrence, on the 17th day of Janury, 1859, mortgaged lot 5, in square 34, in said town of Brookhaven, of which they were owners, to one John M. Back, to secure the payment of a debt of $400.

That on the 27th day of April, 1860, the said Lekirmondie executed a deed of trust on both the said lot 5 and lot 6, in square 34, in the said town of Brookhaven, to Ivory F. Woodman and Adnon H. Bement, to secure to them the payment of a debt of $3,815.

That on the 9th day of March, 1861, the said B. C. Buckley sued out an attachment against the property of said I. F. Woodman, on a debt alleged to be due by said Woodman, which said attachment was levied on said lots as the property of said Woodman, who was alleged to be a non-resident of this state; that a judgment in the attachment suit was obtained in the circuit court of said county, under which said lots were sold, and bought by the said B. C. Buckley.

That John Daley claimed to be the owner of both the mortgage to Back and the deed of trust to Woodman and Bement, and that he foreclosed the equities of redemption of the mortgage and deed of trust, and became the pur-

chaser of the property without making the said B. C. Buckley a party to the bill of foreclosure.

And the bill concludes with a prayer for a decree that the Back mortgage be assigned to the complainants and Bement, and then for a partition of the property, or of the proceeds of the sale thereof, if necessary to be sold, between them.

The defendant, John Daley, appeared and filed a demurrer to the bill of complaint for the want of equity upon its face. The demurrer was sustained by the court and the bill dismissed. And from this decree, the complaints prosecute this writ of error, and assign for error, the action of the court in sustaining the demurrer and in dismissing the bill.

The only question presented by this record for our consideration is, had Woodman such an interest as mortgagee, in the lots mortgaged, and was subject to attachment and sale at the suit of B. C. Buckley.

By the adoption of principles long established in chancery, it has become well settled in courts of common law, that the mortgagee, until foreclosure, has only a chattel interest ; that a mortgage is but a charge upon the land, and that whatever would give the money will carry the estate in the land along with it to every purpose. The estate in the land is the same thing as the money due upon it. It will be liable to debts ; it will go to executors ; the assignment of the debt will draw the land after it. From these properties of the mortgagee's estate, it appears in the strongest manner, that it is not in the land, but in the security only. The debt is considered as the principal, and the mortgage as an incident only. It has been said and repeated, that it was an affront to common sense to say that a mortgagee in possession was the real owner ; that the mortgagee, notwithstanding the form, has but a chattel, and the mortgage only a security. Until foreclosure, whether the mortgagee has possession or not, the estate mortgaged is a pledge only. The relation of debtor and creditor exists, and the equity of redemption is unimpaired. Although the mortgagee has

a chattel interest only, yet in order to render his pledge available, and give him the intended benefit of his security, it is considered as real property to enable him to maintain ejectment for the recovery of the possession of the land mortgaged ; when contemplated in every other point of view, it is personal property.

The land mortgaged is only a security for the debt, which may be, and often is, assignable in its nature, and, if it be assigned, the mortgagor may pay it to the assignee and thus discharge the mortgage, notwithstanding the creditors of the mortgagee may have the land in execution.   These difficulties can be avoided only by holding that the interest of the mortgagee, before foreclosure, is not the subject of sale on execution at law, notwithstanding the debt is due, and the estate has become absolute at law.   Jackson v. Willard, 4 Johns. 41 ;  4 Kent. 161 ;  and  1  Hilliard on Mort. 277 and 278.

If this view of the law be correct, it follows that Buckley acquired no title to, or interest in, the lots purchased by him under his judgment in the attachment against Woodman. Woodman had no interest in these lots, except as a security for his debt.   The debt is the principal, and the land is only an incident.   The sale under the judgment upon the attachment of Woodman's interest in the lots, did not carry the debt with it ; for, to hold this, would be to assume that the transfer of the incident would operate to transfer the principal, a manifest absurdity.   McGaw v. Marshall, 7 Humph. 121, 127.

We think the court below did not err in sustaining the demurrer and dismissing the bill.

The decree is, therefore, affirmed.