R. C. BECKETT *v*. RANDLE DEAN ET AL.

JUDGMENT LIEN. *Deed of trust. Beneficiary's interest.*
    The interest of the beneficiary in a deed of trust executed to secure a
    debt is not the subject of a judgment lien.

APPEAL from the Chancery Court of Clay County.
Hon. L. BRAME, Chancellor.

Randle Dean, an insolvent, executed, on April 2, 1875, a deed of trust on land to secure a debt due H. H. Harrington, who, on May 2, 1877, transferred the note and trust-deed to Toomer, Sykes & Billups, by whom they were subsequently assigned to T. R. Ivy. The appellant, having recovered judgment against Harrington, Oct. 3, 1876, and levied execution, issued June 3, 1878, purchased, at the sale, the land and all Harrington's " right, title, interest and claim at law and in equity," under the deed of trust, and filed this bill to compel Ivy to deliver the note and trust-deed, and to enforce the rights acquired at the sale. On the appellees' demurrer, the bill was dismissed.

*Barry & Beckett* for the appellant.

1. Neither at common law nor under the English statute (29 Car. II. c. 3, § 10), nor in those States which have statutes like the English, can the interest of the mortgagee be sold on execution. *Lynch* v. *Utica Ins. Co.*, 18 Wend. 236, 250. But our statute is different (Code 1871, § 2295), and, under statutes like ours, such interest has been held salable. *Cotten* v. *Blocker*, 6 Fla. 1; *Phillips* v. *Hawkins*, 1 Fla. 262; *Schnell* v. *Schroder*, 1 Bailey, Ch. 334; *Ferguson* v. *Lee*, 9 Wend. 258; 8 Mass. 551–560; *Welsh* v. *Phillips*, 54 Ala. 309. Under our statute, it is held that the estate of the mortgagor can be sold, *Carpenter* v. *Bowen*, 42 Miss. 28; but not that of a mortgagee. *Buckley* v. *Daley*, 45 Miss. 338. The latter decision was wrong, but, at all events, the interest of a *cestui que trust* is subject to judgment lien, which the judgment creditor can avail of in equity. *Strickland* v. *Kirk*, 51 Miss. 795; *Taylor* v. *Lowenstein*, 50 Miss. 278; *Wiggin* v. *Heywood*, 118 Mass. 514. The mortgagee has an interest in the property, which is insurable. *Witczinski* v. *Everman*, 51 Miss. 841; *Kernochan*

v. *New York Bowery Ins. Co.*, 17 N. Y. 428; *Grevemeyer* v. *Southern Ins. Co.*, 62 Penn. St. 340; *Wheeling Ins. Co.* v. *Morrison*, 11 Leigh, 354; *Delahay* v. *Memphis Ins. Co.*, 8 Humph. 684. He may redeem from tax sale as owner of the land. *Meeks* v. *Whatley*, 48 Miss. 337; *Burton* v. *Hintrager*, 18 Iowa, 348; Blackwell on Tax Titles, 422, 424; Cooley on Taxation, 366, 367. His interest is such that, under the Statute of Frauds, the mortgage or trust deed must be in writing. Code 1871, §§ 2302, 2892, 2893, 2896; 2 Bouvier's Law Dic. 198, § 2. He can have an injunction against waste, or a receiver. High on Injunctions, § 314; *Phillips* v. *Eiland*, 52 Miss. 721. His widow is entitled to dower. *Pickett* v. *Buckner*, 45 Miss. 226; Park on Dower, 100; Powell on Mortgages, 9, 10. *Parsons* v. *Welles*, 17 Mass. 419. He is a purchaser under the dower act, *Hinds* v. *Pugh*, 48 Miss. 268; *Tucker* v. *Field*, 51 Miss. 191; and under the recording act. *Perkins* v. *Swank*, 43 Miss. 349; *Claiborne* v. *Holmes*, 51 Miss. 146; *Schumpert* v. *Dillard*, 55 Miss. 348. Under the latter he cannot claim as a creditor, but must stand or fall as a purchaser. *Tate* v. *Liggat*, 2 Leigh, 84; *Wiley* v. *Boyd*, 38 Ala. 625. His interest is not assignable except in writing. *Warden* v. *Adams*, 15 Mass. 233; *Fort* v. *Burch*, 5 Denio, 187; *Fosdick* v. *Barr*, 3 Ohio St. 471; *Givan* v. *Tout*, 7 Blackf. (Ind.) 210; *Graham* v. *Newman*, 21 Ala. 497; *Den* v. *Dimon*, 5 Halst. (N. J.) 156; *Philips* v. *Lewistown Bank*, 18 Penn. St. 394; *Wilson* v. *Kimball*, 27 N. H. 300; *Dwinel* v. *Perley*, 32 Maine, 197; 1 Wash. Real Prop. 520; 3 Wash. Real Prop. 105. His interest is more than a lien or a pledge. *Barrow* v. *Paxton*, 5 Johns. 258; *M'Lean* v. *Walker*, 10 Johns. 471; *Homes* v. *Crane*, 2 Pick. 607; *Perry* v. *Craig*, 3 Mo. 516; *Ins. Co.* v. *Thompson*, 95 U. S. 547; *Ferguson* v. *Thomas*, 26 Maine, 499; 1 Story Eq. Jur. § 506. If he cannot find the mortgaged property, he can hold a purchaser liable for its proceeds. *Witczinski* v. *Everman*, 51 Miss. 841. But for Code 1871, § 2150, he could, after condition broken, recover the land. *Benson* v. *Stewart*, 30 Miss. 49; *Wilkinson* v. *Flowers*, 37 Miss. 579. He has such an interest in the land as may be assigned for the benefit of his creditors. Burrill on Assignments, 65, 66. And his interest passes under a devise of all his " lands,

tenements and hereditaments." *Jackson* v. *De Lancy*, 13 Johns. 537; 1 Perry on Trusts, § 336. Yet the decision in *Buckley* v. *Daley, ubi supra,* is based on the ground that the mortgagee has no interest in the land.

2. The Code of 1871, which defines " property " as personal property, and " every estate, interest, and right in lands, tenements, and hereditaments," and provides that the word " land " " shall include all corporeal hereditaments whatever, and any interest therein," enacts that judgment liens shall bind " all the property of the defendant." Code 1871, §§ 830, 2859, 2935. No decision has ever defined the mortgagee's interest as less than a chattel, that is, an interest in corporeal hereditaments less than a freehold. *Carpenter* v. *Bowen*, 42 Miss. 28; *Buckley* v. *Daley*, 45 Miss. 338; 1 Perry on Trusts, § 243 and notes; Hilliard on Mortgages, 236, 281; 1 Bouvier's Law Dic. 260, title Chattel Interest; 2 Kent Com. 342. The basis of the decision in *Buckley* v. *Daley, ubi supra,* is Lord Mansfield's opinion in *Martin* v. *Mowlin*, 2 Burr. 969, which is adopted in *Jackson* v. *Willard*, 4 Johns. 41. But *Martin* v. *Mowlin*, and the parallel case of *Casborne* v. *Scarfe*, 1 Atk. 603, have long since been departed from, both in England and America. *Parsons* v. *Welles*, 17 Mass. 419, 423; *Vose* v. *Handy*, 2 Greenl. 322; *Evans* v. *Merriken*, 8 Gill & J. 39; *Shannon* v. *Bradstreet*, 1 Sch. & L. 52; *Keech* v. *Hall*, 1 Doug. 21; *Jackson* v. *DeLancy*, 13 Johns. 537. Chancellor Kent, in the last case, said that Lord Hardwicke's observation in *Casborne* v. *Scarfe*, was an extra-judicial *dictum*, and Lord Eldon, in *Braybroke* v. *Inskip*, 8 Ves. 417, 437, stated that he did not believe Lord Hardwicke ever said so. When the *dictum* was cited in *Ex parte Sergison*, 4 Ves. 147, Sir John Mitford, the Solicitor-General, told the court that Lord Northington and Lord Thurlow had overruled that opinion. Lord Alvanley declared, in *Attorney General* v. *Buller*, 5 Ves. 339, that the opinion, concurring with the *dictum* imputed to him in *Duke of Leeds* v. *Munday*, 3 Ves. 348, was incorrect. In *Braybroke* v. *Inskip*, 8 Ves. 437, Lord Rosslyn is reported to have said that he was overborne in *Attorney General* v. *Buller, ubi supra,* in which he seems to concur with the reported opinion of Lord Hardwicke, and that his opinion was rather with Lord Eldon.

This court has sought, in some cases, to sustain its position by *Hutchins* v. *King*, 1 Wall. 53, in which the statement is an *obiter dictum* (by Mr. Justice Field, from California, where a mortgage is by statute a mere lien), fortified by *Jackson* v. *Willard*, *ubi supra*, the cases quoted in *Buckley* v. *Daley*, and exploded by *Jackson* v. *DeLancy*, *ubi supra*. But Judge Field's decision is that the mortgagee has an interest sufficient to sue for timber cut from the land.

3. In some States, the mortgage is held to be an interest subject in equity to debts; in a few, it is treated as a mere lien; while in Massachusetts, Maine, Connecticut, New Hampshire, Rhode Island, Vermont, Missouri, Indiana, North Carolina, Minnesota, and Mississippi, it is held to be an estate with all its incidents. Cases decided in States in which a different system prevails are not authority in this State. 2 Wash. Real Prop. 517. The court fell into the error in *Buckley* v. *Daley* of relying on such decisions. The judgment lien binds all the interest of the debtor equitable as well as legal. *Harrison* v. *Kramer*, 3 Iowa, 543; *Crosby* v. *Elkader Lodge*, 16 Iowa, 399; *Blain* v. *Stewart*, 2 Iowa, 378; *McGan* v. *Marshall*, 7 Humph. 121; *Twogood* v. *Stephens*, 19 Iowa, 405. Its effect is extended by 2 & 3 Vict. c. 11, § 5, to estates not liable to execution, but it is made ineffectual against purchasers or mortgagees without notice. Adam's Eq. 132, 133, 326. Our statute (Code 1871, § 830) contains no such exception, and in *Kilpatrick* v. *Byrne*, 25 Miss. 571, our court declined to restrict the statute or graft upon it an equitable exception. The question of notice forms no element in the case. *New York Drydock Co.* v. *Stillman*, 30 N. Y. 174; 2 Sugden on Vendors, 655, 656; Adams Eq. 129; Powell on Mortgages, 616–632. The lien binds the note and trust-deed, and the judgment creditor can maintain a bill to have them delivered up to him. Code 1871, §§ 830, 2858, 2859; *Saunders* v. *Jordan*, 54 Miss. 428; *Taylor* v. *Lowenstein*, 50 Miss. 278; *Strickland* v. *Kirk*, 51 Miss. 795; *Wiggin* v. *Heywood*, 118 Mass. 514.

*White & Bradshaw*, for the appellees.

Under statutes like Code 1871, § 2295, an execution cannot be levied on a trust estate for the debts of the *cestui que trust*. Herman on Executions, § 225. *Presley* v. *Rodgers*, 24 Miss.

520; *Lucas* v. *Lockhart*, 10 S. & M. 466; *Boarman* v. *Catlett*, 13 S. & M. 149; *Wolfe* v. *Dowell*, 13 S. & M. 103. The case of *Buckley* v. *Daley*, 45 Miss. 338, has been affirmed in *Taylor* v. *Lowenstein*, 50 Miss. 278; *Strickland* v. *Kirk*, 51 Miss. 795; *Clark* v. *Wilson*, 53 Miss. 119. And this seems to be settled law. 1 Hill on Mortgages, 278; *State* v. *Laval*, 4 McCord, 336; *Thornton* v. *Wood*, 42 Maine, 282; Hermann on Executions, § 122; Freeman on Executions, §§ 118, 184. A judgment lien is not a right of property. *Commercial Bank* v. *Coroner of Yazoo County*, 6 How. 530; *Walton* v. *Hargroves*, 42 Miss. 18; Hermann on Executions, § 122; Freeman on Executions, § 112. Purchasers of the debtor's personal property, who remove it, cannot be sued for its value. *Dozier* v. *Lewis*, 27 Miss. 679. The lien binds neither the defendant's equitable estate, nor choses in action. *Coleman* v. *Rives*, 24 Miss. 634; *Hogan* v. *Burnett*, 37 Miss. 617; *Black* v. *McMurtry*, Walker, 389. The bill in chancery will not lie to compel the delivery of the note and trust-deed. Execution can be levied on the chose in action, if the creditor can get possession of it. *Saunders* v. *Jordan*, 54 Miss. 428. But there is no interest in the land which " may be sold under execution," as provided by Code 1871, § 2295, as has been often decided. Any equitable interest which the *cestui que trust* has is vendible under execution, and the remedy, in any event, is at law.

CAMPBELL, J., delivered the opinion of the court.

The interest of the beneficiary in a deed of trust executed to secure a debt is not the subject of a judgment lien, and his assignee of the debt secured by the deed of trust takes the debt, which is the principal thing, and the security which is an incident, free from any such lien, and secure against the effort of the judgment creditor to reach it in his hands. A deed of trust to secure a debt is but a security — an incumbrance, and not an estate legal or equitable in the beneficiary, who may resort to the property conveyed as a means to the end of obtaining payment of the debt secured, but has no interest in the property or right to it, except as an incident to the chose in action secured by it. *Freeman* v. *Cunningham*, *ante*, 67.                                         *Decree affirmed.*