Rawlings *v.* Anderson *et al.**

(Division B.  March 5, 1928.  Suggestion of Error Overruled March

19, 1928.)

[115 So. 714.  No. 26820.]

1. APPEAL AND ERROR.  *Chancellor's finding on conflicting evidence regarding fraud will not be disturbed on appeal.*

Chancellor's finding on conflicting evidence relating to issue of fraud will not be disturbed on appeal.

2. MORTGAGES.  *Parties may direct foreclosure sales in parcels or in bulk and may waive statutory requirement (Hemingway's Code 1927, section 2431).*

Foreclosure sales in deeds of trust or mortgages in parcels or in bulk may be directed by contracting parties, and even statutory requirement of Code 1906, section 2772 (Hemingway's Code 1927, section 2431), may be waived.

3. MORTGAGES.  *Trustee under deed of trust is agent of both parties, and must sell land in manner most beneficial to debtor.*

Trustee under deed of trust is agent of both parties, and it is his duty to sell land in such manner as would be most beneficial to debtor.

4. MORTGAGES.  *Ordinarily, trustee under deed of trust may use his own discretion regarding manner of selling land, but there must be no fraud, and discretion must not be abused.*

In absence of express directions or statutory requirement, trustee under deed of trust may use his own discretion regarding manner of selling land, but there must be no fraud, and his discretion must not be abused.

5. MORTGAGES.  *Trust deed directing trustee to sell land or "sufficiency thereof" to satisfy debt required sale in parcels.*

Under deed of trust directing trustee in case of sale to offer and sell land or a "sufficiency thereof," etc., to satisfy debt, parties contracted to sell land in parcels.

6. MORTGAGES.  *Trustee under trust deed offering land in one hundred and sixty acre lots "undescribed" did not comply with statute, and sale was void (Hemingway's Code 1927, section 2431; Constitution 1890, section 111).*

Where trustee under deed of trust first offered land in one hundred and sixty acre lots "undescribed," there was no compliance with Code 1906, section 2772 (Hemingway's Code 1927, section 2431), and Constitution 1890, section 111, since no valid deed could be executed to an undescribed tract, and trustee's sale was void.

---

*Corpus Juris-Cyc. References: Appeal and Error, 4CJ, p. 900, n. 98; Mortgages, 41CJ, p. 951, n. 30; p. 969, n. 30; p. 973, n. 5; p. 974, n. 13; Findings of chancellor on conflicting evidence sustained unless manifestly wrong, see 2 R. C. L. 203; 1 R. C. L. Supp. 442; 4 R. C. L. Supp. 92; On the question as to manner of sale discretionary with trustee or mortgagee unless otherwise stipulated, see annotation in L. R. A. 1917B, 526; 19 R. C. L. 607; 3 R. C. L. Supp. 960.

APPEAL from chancery court of Adams county.

HON. R. W. CUTRER, Chancellor.

Suit by J. T. Rawlings against T. A. Anderson and others. From a decree dismissing the bill, plaintiff appeals. Reversed and remanded.

*J. S. Logan* and *L. T. Kennedy,* for appellant.

The offering of a larger tract for sale in "undescribed" subdivisions is not a compliance with the law, and a defective sale of this sort will not divert ownership of lands from one person and vest such ownership in another. There must be a strict compliance with requirements of the law before one can be summarily divested of his property under foreclosure proceedings, especially in a case like this where the appellant is shown to have been grossly overreached at every stage of the proceedings by the conduct of his creditors, and where they have ousted him from the possession of his property, both real and personal, by questionable means and acquired it for themselves at a small fraction of its real value.

If it be contended that the recital in the trustee's deed that "I did, at said time and place offer said land at public sale for cash in 'undivided parcels of one hundred

sixty acres each,' '' etc., raises a presumption that the trustee complied with the requirements of the law and that these one hundred sixty-acre parcels were described, the argument might prevail in the absence of positive testimony, but not to overthrow the positive testimony of the witness on this point. See *Fauntleroy* v. *Mardis,* 123 Miss. 353, 85 So. 96.

In view of the ruling of this court in *Fauntleroy* v. *Mardis, supra,* as applied to the facts of this case, the evidence shows that there was no offer of the lands in subdivisions of one hundred sixty acres as required. For, we submit, the law has reference not to an "undescribed" and undefined subdivision, which is not a subdivision at all, but to subdivisions of the tract so described that a surveyor could take a deed of the subdivision and with it identify and locate the particular subdivision that might be purchased by the bidder.

*Lowrey & McLain,* for appellees.

The question most seriously urged for the reversal of this cause is whether the chancellor erred in holding that Retirement plantation was not offered for sale, under the Federal Loan Bank mortgage, as required by law. It is contended by appellant that it was not offered by the substituted trustee in one hundred sixty-acre tracts or lots as required by law, or as required by the constitutional requirement.

The deed of conveyance, executed by the substituted trustee, recites: "Whereas, still acting by virtue of the authority vested in me as substituted trustee aforesaid, I did, at said time and place offer said land at public sale for cash in undivided parcels of one hundred and sixty acres each, receiving therefor bids aggregating five hundred dollars, which amount was insufficient to satisfy said indebtedness aforesaid, and did then offer all of the above-described land to the highest bidder or

bidders for cash as an entirety, whereupon after sundry bids by divers persons, F. A. Anderson, of Gloster, did offer and bid for said land as an entirety, the sum of five thousand three hundred fifty dollars, which amount was the highest and best bid received for said land when offered as an entirety, and exceeding the aggregate of the bids received, when said land was offered in undivided parcels of one hundred sixty acres each.''

Appellant in his brief lays much stress on the word *undescribed* and cites *Fauntleroy* v. *Mardis,* 123 Miss. 353, 85 So. 96, as authority for reversal of this cause. We submit that when the evidence is considered any objection must disappear; for the chancellor had all the evidence before him at the hearing.

Everything was done by the substituted trustee to comply with both the letter and spirit of the law in the sale of this land, that could have been done, and nothing more could have been done by him to convey a good title to said land at said sale.

PACK, J. Appellant, in his bill and amended bill, attacked the validity of a foreclosure sale of land made by R. H. Brandon, substituted trustee, under a deed of trust executed by appellant to the Federal Land Bank, as beneficiary, and also challenged the foreclosure sale of certain live stock under a chattel mortgage executed by appellant to one Mr. Byrnes, as beneficiary.

Both sales were attacked on the ground of fraud on the part of Anderson and Byrnes, and also on the further ground that the substituted trustee did not offer the land for sale and sell it in accordance with the terms and provisions of the instrument itself, as required by section 2772, Code 1906 (section 2431, Hemingway's 1927 Code). The demurrer of defendant Byrnes to the bill, as amended, was sustained. Anderson answered under oath; answer under oath not being waived. Every allegation of fraud was denied in the answer. It put in issue every controverted fact, and the answer was made a cross-bill.

On these issues the court heard oral proof and documentary evidence. A final decree was rendered for the defendant, holding that said sales were free from fraud, and the decree dismissed the bill.

There being a conflict in the evidence as to the allegations of fraud, and the chancellor having found for the defendant, this finding will not be disturbed in so far as it relates to the issue of fraud. The serious question in the case, however, is whether or not the trustee's sale of the land is subject to the other attack made upon it. The land embraced in the deed of trust was described as follows:

"Retirement plantation, in Adams county, Mississippi, containing about eight hundred (800) acres and being the northwesterly portion of section twenty (20), township five (5) north, range one (1) west, bounded on the north by Beekman property, on the east by Beekman, south by Franklin plantation, and west by 'Deerfield plantation.'"

That part of section 2772, Code 1906 (section 2431, Hemingway's 1927 Code), pertinent to this question reads as follows:

"All lands comprising a single tract, and wholly described by the subdivisions of the governmental surveys, sold under mortgages and deeds of trust hereafter executed, shall be sold in the manner provided by section one hundred and eleven of the Constitution for the sale of lands in pursuance of a decree of court, or under execution."

Section 111 of the state Constitution directs that:

"All lands comprising a single tract sold in pursuance of decree of court, or execution, shall be first offered in subdivisions not exceeding one hundred and sixty acres, or one quarter section, and then offered as an entirety, and the price bid for the latter shall control only when it shall exceed the aggregate of the bids for the same in subdivisions as aforesaid; but the chancery court, in

cases before it, may decree otherwise if deemed advisa-
ble to do so.''

Appellant's contention is that this land comprises a
single tract and is ''wholly *described* by the *governmen-
tal subdivisions and surveys*'' (italics ours); that the
statute above quoted applies; that this statute was not
complied with in the trustee's sale of the land, and there-
fore the sale is void. Appellee counters with the conten-
tion that the land in question is not ''wholly described in
the deed of trust by governmental subdivisions and sur-
veys;'' that it is described as one tract bounded by physi-
cal boundaries, and therefore should have been sold in
its entirety; that in offering the land in ''undivided''
or ''undescribed'' parcels the trustee did so out of ''an
abundance of caution,'' and not because he was required
by statute or the deed of trust so to do.

From these conflicting contentions some interesting
questions arise: (1) Does the phrase, ''wholly described
by governmental subdivisions and surveys,'' have ref-
erence to the government plan of subdividing land into
sections, townships, and ranges, with the sections sub-
divided into halves, quarter sections, etc., or do the
words have reference to any and all kinds of official sur-
veys made by the government as might be shown by maps
or surveys of that particular territory? (2) Shall we
determine if the particular land is ''wholly described by
governmental subdivisions and surveys'' from the de-
scription in the deed of trust or mortgage or as it ap-
pears in the original government survey of the particu-
lar territory involved? A decision of these questions is
pretermitted, as we think another question is decisive of
the case at bar.

It will be noted that one of the appellant's objections
to the sale is that it was not made ''in the manner and
form as required by the said mortgage and deed of
trust.'' The deed of trust directs the trustee, in case
of sale, to offer and sell the land, or a ''sufficiency there-

· of," etc., to satisfy the debt. Does this language bind the trustee to sell it in parcels instead of *en masse?* · And, if in parcels, would it not be controlled by the statutory scheme, as provided by the Code section, *supra?* Foreclosure sales in deeds of trust or mortgages, in parcels or in bulk, may be directed by the contracting parties. Even the statutory requirement of section 2431, Hemingway's 1927 Code, may be waived. *Brown* v. *British & American Mortgage Co.,* 86 Miss. 388, 38 So. 312. The trustee is the agent of both parties, and it is his duty to sell the land in such manner as will be most beneficial to the debtor. In the absence of express directions, or statutory requirement, he may use his own discretion, but it must be free from fraud, and the discretion not abused. 19 R. C. L. 607, case note, 92 Am. St. Rep. 585.

It appears to us that the parties have adopted the plan of selling the land here in parcels—for how could a trustee offer for sale a "sufficiency" of the land to pay the debt, if it were not first offered in known parcels or known subdivisions? This brings us to the next question: Did the trustee offer and sell the land in parcels or subdivisions? The undisputed proof is that he first offered it in *one hundred sixty-acre lots* "undescribed" (italics ours). This was probably done as an attempted compliance with the statutory scheme. We think it falls short of such compliance. No person could intelligently bid on an undescribed one hundred sixty-acre tract. If, perchance, his bid equalled the indebtedness, no valid deed could be executed to an "undescribed" tract.

We hold, therefore, that the trustee's sale of the land was void, and the case, for that reason, should be reversed and remanded.

*Reversed and remanded.*