LAKEHOLM LAND & CATTLE CO. *v.* FEDERAL LAND BANK OF NEW ORLEANS *et al.*

(Division A. Oct. 23, 1933.)

[150 So. 200. No. 30755.]

**W. C. Martin,** of Natchez, for appellant.

Wells, Wells & Lipscomb, of Jackson, for appellees.

**Cook, J.,** delivered the opinion of the court.

This is an appeal from a decree of the chancery court of Jefferson county, sustaining a demurrer to a bill of complaint seeking to compel specific performance of a contract for the sale of a tract or parcel of land described as "that portion of the entire Gayoso tract which is located in section 39, township 9, range 1 west, in Jefferson county, Mississippi," and to cancel the claims of appellees to said land.

The bill of complaint charged that the owners of a certain plantation located in Jefferson county, Mississippi, known as the Gayoso plantation, executed a deed of trust conveying the same to a trustee for the use and benefit of the appellee Federal Land Bank of New Orleans; that, after default in the payment of the indebtedness secured by said deed of trust, the appellee W. R. Easterling, substituted trustee therein, advertised the

said plantation for sale according to the terms of the deed of trust; that, at the sale so advertised, the substituted trustee first offered for sale that portion of the plantation above described; that the appellant offered for said parcel of land the sum of five hundred thirty-seven dollars and sixty cents, and the same was struck off to it by said substituted trustee; that the appellant thereupon offered· to tender the amount of his bid in cash, but the said trustee offered for sale other portions of said plantation until the entire plantation had been offered in parcels; that thereupon the trustee, over the protest of appellant, offered the entire plantation in bulk, and, upon receiving a bid of nine thousand dollars on behalf of the Federal Land Bank of New Orleans, struck off and sold it to said bank; that the appellant then tendered the amount bid by it for the parcel above described, which was refused, and that a trustee's deed was thereupon executed conveying the entire plantation to the appellee bank.

The bill of complaint further averred that the deed of trust under which the sale was made provided that only "a sufficiency of the land should be sold" to pay the debt; that section 2167, Code 1930, requiring that lands comprising a single tract, and wholly described by the subdivisions of the governmental surveys, sold under mortgages and deeds of trust, shall be first offered in subdivisions not exceeding one-quarter section, and then offered as an entirety, and that the bid for the tract as an entirety shall be accepted if it exceeds the aggregate sum of the bids for the same in subdivisions, has no application to the sale of the lands here in question, for the reason that it did not comprise a single tract, wholly described by the subdivisions of the governmental surveys; that the provision of the deed of trust that only "a sufficiency of the land should be sold" to pay the debt required that the land should be sold in parcels; that, since the deed of trust did not further provide that, if the land, when sold in parcels, failed to bring a sufficient

amount to pay the debt, it should then be sold in bulk if a greater sum could thereby be obtained, the trustee was without authority to disregard the bids made for the parcels and sell to other parties in bulk merely because the aggregate sum of the bids for the parcels was no' sufficient to pay the debt.

The bill of complaint sets forth in full the description of the said plantation as the same appears in the deed of trust in question, and it shows that the entire tract is described by metes and bounds, measured by chains running along the outside boundaries of the plantation, which is in a very irregular shape, and this description concludes by stating that the said tract of land contains, "according to survey made by Stephen Archer, Jr., C. E., in November, 1924, eight hundred twenty-seven and twenty-three hundredths acres, more or less, and lying in sections 19, 38, 39, 40, 47, 37, and 49 of township 9, range 1 west."

The appellant contends that section 2167, the substance of which is outlined above, has no application here, for the reason that the land was not "wholly described by the subdivisions of the governmental surveys," and therefore, since the deed of trust provided that only "a sufficiency of the land should be sold to pay the debt," no sale could be made by the trustee in parcels, and then as a whole, but the sale could only be made in parcels. In support of this contention, it relies principally upon the case of Rawlings v. Anderson, 149 Miss. 632, 115 So. 714, 716, wherein it was held that a provision of a deed of trust directing a trustee to offer and sell land or a "sufficiency thereof," etc., to satisfy the debt, is a contract to sell the land in parcels; for, as says the court, "how could a trustee offer for sale a 'sufficiency' of the land to pay the debt, if it were not first offered in known parcels or known subdivisions?"

For the purpose of this decision, without expressly so deciding, we will assume that section 2167, Code 1930, has no application to the deed of trust here involved,

for the reason that the lands conveyed were not "wholly described by the subdivisions of the governmental surveys." But we do not think it follows, as a necessary consequence, that the land could not under any circumstances be sold in bulk or as an entirety.

It is true that in Rawlings v. Anderson, supra, it was held that, regardless of whether or not section 2167, Code 1930, applied to the sale there involved, by virtue of the provisions of the deed of trust directing the trustee to sell the land, or "a sufficiency thereof," to satisfy the debt, the parties contracted to offer the land for sale in parcels, and that case was decided upon the sole ground that no effective offers to sell the land in parcels were made. Since the court therein expressly declined to decide that section 2167, Code 1930, did not apply to the sale there involved, it did not hold that, when a deed of trust provides for the sale of only a sufficiency of the land to pay the debt, and the aggregate sum bid for all the parcels comprising the tract is insufficient to pay the debt, the whole cannot be offered as an entirety; for, if the said section 2167 applied to that sale, the trustee was thereby required to offer the land as an entirety after offering it in subdivisions, and to accept the amount bid for the whole if it exceeded the aggregate of the bids for the same in subdivisions.

In the case at bar, assuming that the above-mentioned statute does not apply, the provision of the deed of trust directing the trustee to offer for sale the land or a "sufficiency thereof to pay the debt," as held in Rawlings v. Anderson, supra, obligated the trustee to offer the land in parcels or subdivisions until the aggregate of the bids for such parcels was sufficient to pay the debt. If the amount bid for a parcel, or the aggregate of bids for parcels less than the whole tract, was sufficient to pay the debt, the contractual authority of the trustee to offer parcels, or the tract as an entirety, was fully discharged; but, as said in Rawlings v. Anderson, supra, "the trustee is the agent of both parties, and it is his duty to sell the

land in such manner as will be most beneficial to the debtor." In the discharge of this contractual duty, when offers of parcels comprising the entire tract are necessary to pay the debt, or are insufficient to pay the debt, the trustee should offer the land as an entirety and accept the amount bid therefor if it exceeds the aggregate of the bids therefor in parcels or subdivisions. Otherwise it could not be said or determined that the sale was made in such manner as was most beneficial to the debtor.

In the case at bar, the bill of complaint charges expressly, and by necessary inference, that the aggregate sum of the bids for the parcels comprising the entire tract was insufficient to pay the debt; and, this being true, it was his duty to then offer the tract of land as an entirety, and accept the bid or bids most beneficial to the debtor. Consequently, the court below committed no error in sustaining the demurrer to the bill of complaint.

Affirmed and remanded.