BAKER *v.* CONNECTICUT GENERAL LIFE INS. Co. *et al.*

(In Banc. June 5, 1944.)

[18 So. (2d) 438. No. 35573.]

F. E. Everett, of Indianola, and Richard Denman, of Greenwood, for appellant.

704

Sam C. Cook, and **H. P. Farish**, both of Greenville, and **J. J. Breland**, of Sumner, for appellees.

Argued orally by **Frank E. Everett**, for appellant, and by **Sam C. Cook**, for appellees.

**Smith, C. J.**, delivered the opinion of the court.

In January, 1927, the appellant executed a deed of trust on land to F. H. Carlile, as trustee, to secure the payment of a loan of money by Bolton Smith & Company to the appellant of $16,000. This debt was evidenced by promissory notes of varying amounts, the first of which was due on January 1, 1928, and one or two of them were due on January first of each year thereafter, until January 1, 1937, when the last of the notes became due.

The notes were payable to Bolton Smith & Company, referred to in the deed of trust, and in the appellant's bill of complaint, as a commercial firm. Bolton Smith & Company was a partnership, composed of Bolton Smith and C. F. Williams. They styled themselves "mortgage brokers," and were engaged in lending money secured by deeds of trust on land, and selling the notes and assigning the deeds of trust securing them to other parties. The money necessary for the operation of this business was furnished by Smith, Williams' contribution being his time and services. The business was managed by Williams, and the sale and assignment of promissory notes acquired by the firm, and of the deeds of trust securing them, were made by Williams. The notes and deed of trust here executed by the appellant were assigned to the Connecticut General Life Insurance Company by Williams, acting for and in the name of Bolton Smith & Company. Under an agreement then made, when the notes should become due they would be forwarded by the Insurance Company to Bolton Smith & Company for collection; who, after collecting the notes, should retain a small part of the interest due thereon, and remit the remainder to the Insurance Company.

In 1931 two of these notes were in the possession of Bolton Smith & Company for collection and remittance to the Insurance Company; and the appellant having failed to pay them, and Carlile, the trustee in the deed of trust, being dead, the Insurance Company appointed P. B. Bancroft as substituted trustee in the deed of trust, who advertised and sold the land under the deed of trust on January 22, 1932, to the Connecticut General Life Insurance Company, which immediately entered into the possession thereof. Thereafter, that Company sold the land to Sayle and Harrison, Harrison's heirs selling his portion thereof to Trout.

In December, 1941, the appellant exhibited an original bill of complaint against the Connecticut General Life Insurance Company, Sayle and Trout, alleging that the

sale by Bancroft, trustee, to the Connecticut General Life Insurance Company under the trust deed executed by the appellant to Bolton Smith & Company was void, and prayed for a cancellation thereof, and of the deeds executed thereto by the Insurance Company, and for an accounting for rent on the land. The case was tried on bill, answer and proof, resulting in a decree dismissing the appellant's bill of complaint.

The ground of the appellant's complaint is that the appointment by the Insurance Company of Bancroft as substituted trustee in this deed of trust is void, and, though the Insurance Company may have had the right to proceed in a court of equity for the foreclosure of that deed of trust, it received no title to the land under the sale to it by Bancroft.

In support of this complaint the appellant says that the assignment by Williams, acting for and in the name of Bolton Smith & Company, of these notes and this deed of trust to the Insurance Company was ineffective to vest it with title thereto, for the reason that the partnership of Bolton Smith & Company was not a commercial partnership, and Williams is not shown to have been vested by the partnership agreement with power to act in partnership matters without the concurrence of Smith; and if mistaken in this, the assignment of the deed of trust on this land was an assignment or conveyance of land, and that one partner alone cannot convey land owned by a partnership, or rather, by the individual members thereof for partnership purposes.

We will leave out of view that (1) Williams was the managing partner of Bolton Smith & Company; (2) the property of that firm here sold to the Insurance Company was negotiable instruments, payable to the firm; (3) the sale by Williams of these promissory notes due his firm was in accordance with the firm's usual custom; (4) the question of whether Bolton Smith & Company was a commercial partnership; and (5) the claim of Sayle and Trout that they were bona fide purchasers of the land

for value without notice of the appellant's claim of a defect in the title of the Insurance Company thereto.

The sale of promissory notes secured by deeds of trust acquired and owned by Bolton Smith & Company, and the assignment to the purchasers thereof of the deeds of trust securing them, were within the scope of that partnership business; and therefore whether Bolton Smith & Company was a commercial partnership or not is of no consequence, for the reason that one partner has the right to act for, and bind, all members of his partnership as to matters within the scope of the partnership business. Heirn v. McCaughan, 32 Miss. 17, 66 Am. Dec. 588; Faler v. Jordan, 44 Miss. 283; Davis v. Richardson & May, 45 Miss. 499, 7 Am. Rep. 732; Vaiden v. Hawkins (Miss.), 6 So. 227; 47 C. J. 830, 40 Am. Jur., Partnership, Sec. 137.

But it is said by counsel for the appellant that the execution of this deed of trust to Bolton Smith & Company conveyed to the partnership, or to Bolton Smith for its use and benefit, an interest in the land described therein, and that one member of a partnership cannot convey the partnership's land without express authority from all of the members thereof so to do.

The beneficiary in a deed of trust of the character of the one here in question is not vested with the title to the land described therein. He has no estate in the land, and cannot convey it to another; he has an interest in it only to the extent that he can cause the trustee in the deed of trust to sell the land and apply its proceeds to the payment of the secured debt. Buckley v. Daley, 45 Miss. 338; Freeman v. Cunningham, 57 Miss. 67; Beckett v. Dean, 57 Miss. 232; Adams v. Colonial & U. S. Mortgage Co., 82 Miss. 263, 34 So. 482, 17 L. R. A. (N. S.), 138, 100 Am. St. Rep. 633; Compare Frank et al. v. Colonial & United States Mortgage Co. et al., 86 Miss. 103, 38 So. 340, 70 L. R. A. 135, 4 Ann. Cas. 54, relied on by counsel for appellant.

The deed of trust provides that; "Should the trustee named herein die, . . . the party of the third part

(Bolton Smith & Company) or the legal holders of a majority of the unpaid indebtedness hereby secured may . . . appoint a substituted trustee, who shall be clothed with all his powers." Consequently, if the Connecticut General Insurance Company was the legal holder of the unpaid notes secured by the deed of trust, it had the right, under the express language thereof, to appoint a substituted trustee. As hereinbefore stated, this Insurance Company owned all of the unpaid notes secured by this deed of trust; but when the appellant's default occurred, two of them were in the possession of Bolton Smith & Company for collection, because of which the appellant says that Bolton Smith & Company were then the legal holders of these two notes under the paragraph of Sec. 232, Code 1942, which provides that " 'Holder' means the payee or indorsee of a bill or note, who is in possession of it, or the bearer thereof." This may be true, as to which we express no opinion, but Smith & Company held the notes as the collecting agents of the Insurance Company. Moreover, this Insurance Company was then in possession, and was the legal holder, of the remainder, constituting a majority, of these unpaid promissory notes, and therefore came, in this connection, within the express language of the deed of trust.

Another of the appellant's complaints is that the trustee did not sell the land, as required by Sec. 888, Code 1942. That section provides that: "All lands comprising a single tract, and wholly described by the subdivisions of the governmental surveys, sold under mortgages and deeds of trust hereafter executed, shall be sold in the manner provided by section one hundred eleven of the constitution for the sale of lands in pursuance of a decree of court, or under execution." At the sale of this land the trustee offered it in subdivisions, and then sold it as a whole, but the subdivisions offered were not such as required by Sec. 111 of the Constitution. The requirements of this statute may be waived by the parties to a deed of trust, and were here waived by the appellant (1)

by a provision in the deed of trust authorizing the trustee to sell the land "in parcel or as a whole, as he may deem best," Brown v. British & American Mortg. Co., 86 Miss. 388, 38 So. 312; Rawlings v. Anderson, 149 Miss. 632, 115 So. 714; and (2) by the fact that the appellant was present at the sale and made no objection to the land not being offered for sale in accordance with the statute's requirement. Hamilton v. Federal Land Bank, 184 Miss. 878, 186 So. 832.

Affirmed.