473 So.2d 461 (1985)
LAKE HILLSDALE ESTATES, INC.
v.
Charles R. GALLOWAY, Individually and as Trustee for Louisiana Savings Association, Beneficiary.
No. 54824.
Supreme Court of Mississippi.
July 24, 1985.
*462 William S. Mullins, III, Norman Gene Hortman, Jr., Gibbes, Graves, Mullins, Bullock & Ferris, Laurel, Michael T. Elias, New Orleans, La., Delos H. Burks, Picayune, for appellant.
Charles R. Galloway, G.E. Estes, Jr., Estes, Estes & Alexander, W. Joel Blass, Mize, Thompson & Blass, Gulfport, for appellee.
Before WALKER, P.J., and PRATHER and ANDERSON, JJ.
*463 PRATHER, Justice, for the Court:
This appeal questions the propriety of a trustee's actions in a foreclosure sale of realty under a deed of trust in which the purchase was made by the mortgagee at substantially less than the alleged value. The mortgagor, Lake Hillsdale Estates, Inc. filed suit in the Chancery Court of Pearl River County against Louisiana Savings Association, mortgagee, and Charles R. Galloway, individually and as trustee, to re-establish the fair market value to be the release fee agreed to in the deed of trust. By cross-bill Louisiana Savings sought and received a deficiency judgment for the amount allegedly still owed. From the granting of the deficiency judgment to Louisiana Savings, the appellant/mortgagor, Lake Hillsdale Estate, Inc. appeals assigning as error:
(1) The trial court erred in finding that the default and notice provisions of the deed of trust were not applicable.
(2) The trial court erred in refusing to set aside the foreclosure sale due to breach of duty by the trustee;
(3) The trial court erred in refusing to set aside the foreclosure sale for inadequacy of consideration;
(4) The trial court erred in granting a deficiency decree in favor of appellee.

I.
Appellant Lake Hillsdale Estates, Inc. borrowed $198,301.40 from Louisiana Savings Association on November 30, 1978, the note being secured by a deed of trust on residential and commercial property being developed by appellant. The note, due and payable November 1, 1979, was not timely paid. The balance due was $186,584.60.
After default of the promissory note, the trustee initiated foreclosure proceedings. The property was sold on December 29, 1980, to Louisiana Savings, mortgagee, for a bid of $85,530.00. At the foreclosure sale, the representative of Lake Hillsdale Estates requested the trustee to offer the lots for sale individually, but the total of these individual bids was less than the total bid of Louisiana Savings Association.
On December 29, 1980, the same day as the foreclosure sale, Lake Hillsdale Estates filed a complaint against Charles R. Galloway, individually and as trustee in the trust deed, and Louisiana Savings Association alleging that the trustee breached his duty in selling the property for inadequate consideration, as the value of the property was in excess of the indebtedness as well as the sales price at the foreclosure sale. Lake Hillsdale asked that the eighty percent release fee set forth on the deed of trust be established by the court as the fair and reasonable value. Lake Hillsdale then requested that it be given credit for the amount of remaining indebtedness of $186,584.60 and that surplus monies be returned to Lake Hillsdale in the form of either property or cash.
Louisiana Savings Association denied that Lake Hillsdale was entitled to the relief requested and filed a cross-bill alleging that Lake Hillsdale was indebted to it in the amount of $186,584.60. On the other hand Lake Hillsdale contended at trial that the value of the property at the time of foreclosure was $392,897.00. This was based on the "market values" attached to the deed of trust. However, these "market values" were amounts set and agreed upon for release upon sale to a third party purchaser. A lot could be released by tender of eighty percent of the amount listed on this attachment, but the record does not clearly establish when these values were set.
At the conclusion of the Lake Hillsdale case, Louisiana Savings moved to exclude the evidence of the complainant and dismiss Lake Hillsdale's complaint. The trial court granted the motion finding that the foreclosure sale was valid and complied with Mississippi law. The court made no finding as to the value of the property at the time of the foreclosure sale, but granted a deficiency judgment to Louisiana Savings on its cross-bill in the amount of $101,049.60.

*464 II.

Did the trial court err in finding that the default and notice provisions of the deed of trust were not applicable?
Appellant argues that the trial court should have set aside the foreclosure sale due to the failure of the mortgagee to strictly comply with the express terms of the deed of trust regarding notice upon default. The deed of trust agreement provided in pertinent part as follows:
... It is further understood and agreed that in the event of default, Grantor shall be given notice in writing of any default that might occur under the provisions of this Deed of Trust, the Promissory Note, and or any and all other loan documents, stating the basis of the default and giving Grantor thirty (30) days within which to cure or commence and pursue diligently, appropriate legal proceedings for the purpose of curing  said proceedings to effect a cure within sixty (60) days from date of written notice of default  before foreclosure proceedings under this Deed of Trust are commenced.
We conclude, as did the trial court, that the notice provisions in the deed of trust referred to default in the terms of the deed of trust other than the monthly payment obligations of the mortgagor. The court concluded that, once a note had matured by its own terms, notice of default in monetary payment is not necessary to the maker who is charged with knowledge of the terms of the obligation. Indeed, in the case sub judice, appellant does not contend that it lacked actual knowledge of its obligation which was some thirteen months overdue. We conclude that the trial court's ruling in this regard was proper.

III.

A.

Did trial court err in refusing to set aside foreclosure sale due to breach of duty by trustee?
Initially, it is noted that the Court below properly sustained the demurrer of Charles R. Galloway as an individual, and as an individual, he is not a party on this appeal, but is a party only as trustee to abide by any judgment of this Court. Mississippi State Highway Department v. Presley, 274 So.2d 138, 139 (Miss. 1973).
Provisions of law mandating, regulating and governing judicial sales and sales under deeds of trust are constitutional and statutory in this state. Article 4, Section 111 of the Mississippi Constitution provides as follows:

Section 111: All lands comprising a single tract sold in pursuance of decree of court, or execution shall be first offered in subdivisions not exceeding one hundred and sixty acres, or one quarter section, and then offered as an entirety, and the bid price for the latter shall control only when it shall exceed the aggregate of the bids for the same in subdivisions as aforesaid; but the chancery court, in cases before it, may decree otherwise if deemed advisable to do so.
Section 89-1-55 of Miss. Code Ann. (1972), provides as follows:

Section 89-1-55: How land sold under mortgages and deeds of trust ... All lands comprising a single tract, and wholly described by the subdivisions of the governmental surveys, sold under mortgages and deeds of trust, shall be sold in the manner provided by section one hundred eleven of the constitution for the sale of lands in pursuance of a decree of court, or under execution. All lands sold at public outcry under deeds of trust or other contracts shall be sold in the county in which the land is located, or in the county of the residence of the grantor, or one of the grantors in the deed of trust, provided that where the land is situated in two or more counties, the parties may contract for a sale of the whole in any of the counties in which any part of the land lies. Sale of said land shall be advertised for three consecutive weeks preceding such sale, in a newspaper published in the county, or, if none is so published, in some paper having a general circulation therein, and by posting *465 one notice at the courthouse of the county where the land is situated, for said time, and such notice and advertisement shall disclose the name of the original mortgagor or mortgagors in said deed of trust or other contract. No sale of lands under a deed of trust or mortgage, shall be valid unless such sale shall have been advertised as herein provided for, regardless of any contract to the contrary. An error in the mode of the sale such as makes the sale void will not be cured by any statute of limitations, except as to the ten year statute of adverse possession.
The conduct of a sale under a deed of trust is also regulated by the provisions of the deed of trust appointing and empowering the trustee, to the extent that such provisions are not contrary to section 89-1-55 set above. In this case, the applicable provision is set out in the deed of trust but are not in issue in this case.
The duty and liability of a trustee in a deed of trust has been addressed by this Court. The trustee is the agent of both parties. Lee v. Lee, 236 Miss. 260, 109 So.2d 870 (1959); Rawlings v. Anderson, 149 Miss. 632, 115 So. 714 (1928).
In a deed of trust the trustee is under a duty to perform his duties in good faith and act fairly to protect the rights of all parties equally. Webb v. Biles, 192 Miss. 474, 6 So.2d 117 (1942). However, the trustee cannot generate bidders, but it is the trustee's duty to sell the land in such a manner as will be most beneficial to the debtor. Rawlings, supra. The trustee has no statutory authority nor discretion to refuse to accept a bid. Wilkinson v. Federal Land Bank of New Orleans, 168 Miss. 645, 151 So. 761 (1934). This discretion is vested in the chancery court. Central Financial Services, Inc., supra. A foreclosure under the power of sale is properly conducted if the constitutional, statutory, and contractual requirements entered into by the parties are met. Peoples Bank & Trust Company v. L. & T. Developers, 434 So.2d 699 (Miss. 1983).
We have examined the record of the foreclosure sale and find no evidence of any bad faith or unfairness on the part of the trustee. The property was first offered for sale as a whole and the bid of the mortgagee received. Upon objection of the mortgagor, the trustee then offered the property by individual lots with less favorable results. The offering of property at a foreclosure sale by parcels upon objection by the borrower is the proper procedure. Harris v. Bailey Avenue Park, 202 Miss. 776, 32 So.2d 689 (1947); Baker v. Connecticut General Insurance Co., 196 Miss. 701, 18 So.2d 438 (1944). The evidence presented by the appellant failed to establish any breach of duty on the part of the trustee. The trial court therefore properly directed a verdict against the appellant on this point.

IV.

Did the trial court err in refusing to set aside the foreclosure sale for inadequacy of consideration?
It is well settled that in the absence of irregularity in the conduct of the foreclosure sale, mere inadequacy of price will not operate to set the sale aside, unless the consideration is so grossly inadequate as to shock the conscience of the court. Central Financial Services, Inc. v. Spears, 425 So.2d 403 (Miss. 1983); 50 Miss.L.J. 665 (1979); Myles v. Cox, 217 So.2d 31, 35 (Miss. 1968); Triplett v. Bridgeforth, 205 Miss. 328, 38 So.2d 756 (1949); Federal Credit Co. v. Boleware, 163 Miss. 830, 835, 142 So. 1, 2 (1932).
In the case sub judice the appellant asserted the market value to be the release value established for release of a single lot upon sale by the subdivision developer. This was not necessarily the fair market value of the lot, and the record does not disclose proof of fair market value otherwise. Therefore, the chancery court made no finding of fair market value of the property. Absent that value, this Court cannot find that the sale price was such that shocks the conscience of the court.
*466 This assignment of error is without merit.

V.

Did the trial court err in granting a deficiency decree in favor of the appellee?
Appellee Louisiana Savings Association included in its amended cross-bill a request for a deficiency judgment for the difference between its bid at the foreclosure sale, $85,535.00, and the alleged indebtedness of $186,584.60. At the conclusion of the appellant's evidence, the trial court granted appellee's motion for a directed verdict on its cross-bill. Appellant assigns this ruling as error, contending that Louisiana Savings Association failed to prove any facts showing entitlement to a deficiency decree.
Miss. Code Ann. § 11-5-111 (1972) provides for a deficiency judgment at the confirmation of the foreclosure sale. Unlike other states, our statute provides no statutory safeguards for mortgagors subject to deficiency judgments. 50 Miss.L.J. 865, 879-882 (1979). This Court, however, has previously recognized that the mortgagee's right to a deficiency decree is not absolute. Mississippi Valley Title Insurance Co. v. Home Construction Co., Inc., 372 So.2d 1270 (Miss. 1979).
The mortgagee's right to a deficiency decree usually depends on the facts and circumstances of each case, and, since the mortgaged premises constitute the primary fund for the payment of the mortgage debt, it is only where the mortgagee has endeavored to collect it out of the land that a just judgment for deficiency can be entered. While it has been held that the power to render a deficiency decree is governed by the rules which would apply at law, it has also been held that the court has jurisdiction after a foreclosure sale to determine any intervening fact which would make it inequitable to enter a deficiency decree. Accordingly, no right to a deficiency judgment vests until plaintiff satisfies equity that it would be equitable, in the light of the sale price, to authorize a deficiency judgment. (Emphasis added).
Id. at 1272.
Our decision in Mississippi Valley Title makes it clear that something more than a difference between the price paid at the foreclosure and the amount of the indebtedness must be demonstrated before the mortgagee is entitled to a deficiency judgment.
In the case sub judice, as in Mississippi Valley Title, the mortgagee was the sole bidder at the foreclosure sale and thereby established a sale price which left the mortgagee entitled to a substantial deficiency judgment. Though we have concluded above that the price paid at the foreclosure sale was not so inadequate as to require setting aside the sale, we cannot conclude that the value of the property thereby obtained is insufficient to satisfy the indebtedness of the mortgagor. In any case, no proof to that effect has been offered by the appellee.
We hold, consistent with our decision in Mississippi Valley Title Insurance that in order to obtain a deficiency judgment, the mortgagee has the burden of proving its entitlement under principles of equity to a deficiency judgment. The trial court's granting of a deficiency judgment upon motion for directed verdict was therefore premature. We reverse the court's ruling and remand for a new hearing to first determine if the mortgagee has endeavored to collect the indebtedness out of the land. Then, it must be determined whether the value of the property satisfies the debt of the mortgagor or creates a surplus. Only then can a decision be made as to the propriety of Louisiana Savings' requested deficiency judgment.[1]
AFFIRMED IN PART: REVERSED AND REMANDED IN PART.
*467 PATTERSON, C.J., WALKER and ROY NOBLE LEE, P. JJ., and HAWKINS, DAN M. LEE, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
NOTES
[1] The Court does not address the court provision regarding Lot L-3, a matter not in issue on appeal.